UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON LEE WILCOX,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>STEVEN MERLAK, Warden, et al.,<br><br>　　　　　Respondents. | No. 1:19-cv-01410-NONE-SKO (HC)<br><br>**FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS [Doc. 13]**<br><br>**[TWENTY-ONE DAY OBJECTION DEADLINE]** |

Petitioner is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On October 7, 2019, Petitioner filed the instant habeas petition. (Doc. 1.) On January 15, 2020, Respondent filed a motion to dismiss the petition for lack of standing and ripeness, failure to exhaust, and lack of jurisdiction. (Doc. 13.) Petitioner did not file an opposition to the motion. The Court will recommend that Respondent's motion to dismiss be GRANTED and the petition be DISMISSED WITH PREJUDICE.

**DISCUSSION**

**I.　　Motion to Dismiss**

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599,

602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). The Court will review the motion under Rule 4 standards. See Hillery, 533 F. Supp. at 1194 & n. 12.

**II.     Background**

On January 28, 2016, Petitioner was found guilty by jury trial in the United States District Court for the District of Utah of conspiracy to distribute oxycodone and distribution of oxycodone. United States v. Wilcox, Case No. 2:13-cr-00717-TS (D. Utah 2013). On May 9, 2016, Petitioner was sentenced *inter alia* to 100 months in federal prison followed by 36 months of supervised release. Id. Judgment was affirmed by the Tenth Circuit Court of Appeals on December 19, 2017. United States v. Wilcox, 704 Fed.Appx. 784 (10th Cir. 2017). On January 23, 2018, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. Wilcox v. United States, Case No. 2:18-cv-00078-TS (D. Utah 2018). On June 11, 2018, the motion was denied. Id.

Petitioner was committed on August 12, 2016, and is currently incarcerated at Taft Correctional Institution in Taft, California. (Doc. 13-1 at 3, 6.) Based on a number of factors including the earning of good time credits, he has a projected release date of September 17, 2023. (Doc. 13-1 at 3, 6.) He is currently scheduled to have served two-thirds of his sentence on March 2, 2022. (Doc. 13-1 at 3, 10.) At that time, the Bureau of Prisons ("BOP") will determine whether Petitioner qualifies as an elderly prisoner for discretionary transfer to home confinement. (Doc. 13-1 at 3, 10.)

On August 13, 2019, Petitioner requested that BOP commence pre-release planning pursuant to the First Step Act of 2018. (Doc. 1 at 34.) In response, Petitioner was advised that as a result of the First Step Act, the maximum available pre-release residential re-entry center ("RRC") placement is 12 months, and pursuant to Program Statement 7310.04, inmates must now be reviewed 17-19 months prior to their projected release date. (Doc. 1 at 34.) Petitioner was advised that BOP would commence review for RRC placement on or after April 14, 2022, which is 17-19 months in advance of his projected release date. (Doc. 1 at 34.)

1    With respect to early release to home confinement pursuant to the Elderly Offender Home
2    Confinement Program under Section 603(a) of the First Step Act, Petitioner was advised that he
3    did not meet the minimum eligibility criteria of having completed 66% of the imposed sentence.
4    (Doc. 1 at 34.) Petitioner was invited to request placement upon completion of 66% of his
5    sentence. (Doc. 1 at 34.)

**III.   Standing**

Article III of the United States Constitution limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the Court considers the doctrines of sanding, ripeness, and mootness. See Poe v. Ullman, 367 U.S. 497, 502-505 (1961). The most important of these doctrines is standing. See Allen v. Wright, 468 U.S. 737, 750 (1984). As a manifestation of the Article III case-or-controversy requirement, standing is a determination of whether a specific person is the proper party to invoke the power of a federal court. Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d 1153, 1157 (9th Cir. 2002). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Warth v. Seldin, 422 U.S. 490, 498 (1975). To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Id. at 751. The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,'" not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted).

In this case, the BOP has taken no action or theoretical inaction which would affect Petitioner's sentence or sentence end-phase programming options. There is no "injury fairly traceable to the defendant's allegedly unlawful conduct" that is "likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). As noted by Respondent, Petitioner is essentially asking for speculative opinion relief. Thus, Respondent is correct that Petitioner lacked Article III standing at the time he filed the petition, and he continues to lack standing.

## IV. Ripeness

Closely related to standing is the issue of ripeness. The ripeness doctrine serves "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." Abbott Laboratories v. Gardner, 387 U.S. 136, 148-149 (1967). The Supreme Court has stated that to meet the ripeness standard, plaintiffs must show either a specific present objective harm or the threat of specific future harm. Laird v. Tatum, 408 U.S. 1, 14 (1972). "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. United States, 523 U.S. 296, 300 (1998) (internal citations omitted).

Here, Petitioner's complaint about his sentence end-phase programming options is not ripe since it rests upon contingent future events, e.g., the earning of good time credits, that may or may not occur as anticipated. Therefore, the petition is premature.

## V. Exhaustion

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court."

The first step in seeking administrative remedies is a request for informal resolution. 28 C.F.R. § 542.13. When informal resolution procedures fail to achieve sufficient results, the BOP makes available to inmates a formal three-level administrative remedy process: (1) a Request for

Administrative Remedy ("BP-9") filed at the institution where the inmate is incarcerated; (2) a Regional Administrative Remedy Appeal ("BP-10") filed at the Regional Office for the geographic region in which the inmate's institution is located; and (3) a Central Office Administrative Remedy Appeal ("BP-11") filed with the Office of General Counsel. 28 C.F.R. § 542.10 et seq.

According to the petition, Petitioner did not fully exhaust his administrative remedies. (Doc. 1 at 10-11.) Petitioner claims exhaustion should be waived for futility because: 1) he is challenging BOP policy; 2) BOP does not understand the issues; and 3) the review process is too prolonged. (Doc. 1 at 10-11.) These arguments do not merit excusing the exhaustion requirement. The First Step Act of 2018 is relatively recent; therefore, Respondent is correct that the BOP should be allowed to evaluate the claims in the first instance. Petitioner's argument that the BOP simply does not understand his arguments is not well taken. The responses he received at the initial levels of review belie this claim. Finally, time is not a factor. Petitioner's projected release date is September 17, 2023. Even if Petitioner earned all possible good time credits, he would not reach his two-thirds completion date and become eligible for discretionary transfer until March 2, 2022.

The exhaustion requirement "is not lightly to be disregarded." Murillo v. Mathews, 588 F.2d 759, 762, n.8 (9th Cir. 1978) (citation omitted). A "key consideration" in exercising such discretion is whether "relaxation of the requirement would encourage the deliberate bypass of the administrative scheme[.]" Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted). In this case, it is clear that Petitioner has deliberately bypassed the administrative review process. Such action should not be encouraged. The Court finds the petition should be dismissed for lack of exhaustion.

## VI. Placement in Home Confinement

Petitioner claims that the BOP must process his request for consideration for home confinement pursuant to the Elderly Offender Home Detention Program 12 to 19 months prior to the anticipated date of placement. However, 34 U.S.C. § 60541(g) does not mandate that the BOP place prisoners in home confinement. Section 60541(g)(1)(B) (emphasis added) states "the

Attorney General *may* release some or all eligible elderly offenders . . . ." A prisoner is neither entitled nor guaranteed such placement for any minimum amount of time. 34 U.S.C. § 60541. The determination whether an inmate is eligible is within the discretion of the BOP. The BOP's placement decisions, including determinations regarding halfway house and home confinement placement, are expressly insulated from judicial review. Reeb v. Thomas, 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that 18 U.S.C. § 3625 precludes judicial review of "any determination" by the BOP made pursuant to 18 U.S.C. §§ 3621–3625). Thus, Petitioner's challenge to the BOP's discretionary decision with respect to whether and when he is eligible for home confinement placement pursuant to § 60541 is not reviewable by this Court.

## RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED WITH PREJUDICE.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one (21) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __**February 28, 2020**__          /s/ *Sheila K. Oberto*
                                                                UNITED STATES MAGISTRATE JUDGE